FILED

2017 AUG 18  AM 11: 51

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVDSION

---------------------------------------- x
                                         :
WADDELL WILLIAMS, on behalf of himself   :
and others similarly situated,           :   Class Action
                                         :
              Plaintiff,                 :   Jury Trial Demanded
                                         :
    vs.                                  :
                                         :   COMPLAINT
BLUESTEM BRANDS, INC.                    :
                                         :   8:17-cv-1971-T-27AAS
              Defendant.                 :
                                         :
---------------------------------------- x

**Nature of the Action**

1. Waddell Williams ("Plaintiff") brings this class action against Bluestem Brands, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

   It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

   (A)  to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

   \*\*\*\*\*

   (iii)  to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3. Upon information and belief, Defendant routinely violates the TCPA by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an automatic telephone dialing system or an artificial or prerecorded voice, without the prior express consent of

1



the consumers, in that Defendant routinely dials wrong or reassigned telephone numbers that do not belong to the intended recipients of the calls.

### Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court under 28 U.S.C. § 1391(b), as Plaintiff resides in this District, Defendant transacts business in this District, and as a substantial part of the events giving rise to this action occurred in this District.

### Parties

6. Plaintiff is a natural person who at all relevant times resided in Wesley Chapel, Florida.

7. Headquartered in suburban Minneapolis and with roughly $2 billion in annual sales, Defendant "is the parent to 14 dynamic eCommerce retail brands."[1]

8. Among Defendant's brands is Fingerhut, which "sells top name brands like Samsung, Keurig, Dyson, Seiko, Skechers and many more to millions of customers across the U.S."[2]

9. Fingerhut "offers low monthly payment options with the flexibility of paying over time. Fingerhut helps people afford what they want and need, from the latest electronics to national-brand furniture and bedding to washers and dryers to wedding rings."[3]

10. To that end, Fingerhut—through WebBank—offers credit to consumers to facilitate purchases.

---

[1] http://www.bluestem.com/our-company/ (last visited Aug. 2, 2017).

[2] http://www.bluestem.com/our-brands/fingerhut/ (last visited Aug. 2, 2017).

[3] http://www.bluestem.com/our-brands/fingerhut/ (last visited Aug. 2, 2017).

11. As part of the credit application, Defendant states:

> **Consent to Use of Telephone Numbers:** You authorize WebBank, Fingerhut, their affiliates, agents, and others calling at their request or on their behalf to contact you at any number (i) you have provided to us (ii) from which you have called us, or (iii) which we obtain and believe we can reach you at. We may contact you in any way, such as calling, texting, using an automated dialer or using pre-recorded messages. We may contact you on a mobile, wireless, or similar device, even if you are charged for it by your provider.[4]

### Factual Allegations

12. In an attempt to contact a third party named "Betty Smith," Defendant placed numerous calls to cellular telephone number (813) 479-xxxx—a number for which Plaintiff is the customary user and subscriber.

13. By way of example, Defendant called Plaintiff's cellular telephone number on, among other dates, May 26, 2017, July 1, 2017 and July 3, 2017.

14. Upon information and good faith belief, Defendant's records will show additional calls it made to Plaintiff's cellular telephone number with an automatic telephone dialing system or an artificial or prerecorded voice, starting in approximately May 2017.

15. Defendant placed the above-referenced calls to Plaintiff's cellular telephone number from (844) 349-8918 and (844) 349-6203, telephone numbers assigned to Defendant's Fingerhut brand.

16. Defendant placed the above-referenced calls in an effort to contact a third party, unknown to Plaintiff, named "Betty Smith".

17. Upon answering more than one of Defendant's calls, Plaintiff spoke with a representative of Defendant and informed Defendant that he was not Betty Smith, that he did not know Betty Smith, and that Defendant should stop calling him.

---

[4] https://www.fingerhut.com/creditApp/index/ (last visited Aug. 3, 2017).

18. No matter, and despite Plaintiff's multiple demands that the calls stop, Defendant continued to place calls to Plaintiff's cellular telephone number.

19. Upon information and good faith belief, and in light of the frequency, character, and nature of the calls, Defendant placed its calls to Plaintiff's cellular telephone number using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

20. Upon information and good faith belief, and in light of the frequency, character, and nature of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

21. Upon information and good faith belief, and in light of the frequency, character, and nature of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd

17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

22. Upon information and good faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial telephone numbers without human intervention.

23. Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Plaintiff's cellular telephone number.

24. Defendant did not have Plaintiff's prior express consent to make any calls to his cellular telephone number.

25. Rather, Defendant was attempting to reach a third party who is unknown to Plaintiff.

26. Plaintiff never provided his cellular telephone number to Defendant.

27. Plaintiff never had any business relationship with Defendant or its Fingerhut brand.

28. Defendant did not place any calls to Plaintiff's cellular telephone number for emergency purposes.

29. Upon information and good faith belief, Defendant placed the calls at issue to Plaintiff willfully and knowingly in that it consciously and deliberately made the calls referenced herein.

30. Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the calls at issue to Plaintiff.

31. Plaintiff suffered harm as a result of Defendant's telephone calls at issue in that he suffered an invasion of his privacy, an intrusion into his life, and a private nuisance.

32. Additionally, the unwanted calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

## Class Action Allegations

33. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom Bluestem Brands, Inc. placed, or caused to be placed, more than one call (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Bluestem Brands, Inc.'s calls—in that the intended recipient of the calls was not the customary user of, or subscriber to, the telephone number, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from November 16, 2014 through and including the date of class certification.

Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

34. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

35. The exact number of members of the class is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

36. The proposed class is ascertainable because it is defined by reference to objective criteria.

37. In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in records maintained by Defendant, class members, and third parties.

6

38. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

39. Like all members of the proposed class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system, without his consent and at a wrong number, in violation of 47 U.S.C. § 227.

40. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

41. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

42. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

43. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

44. There will be little difficulty in the management of this action as a class action.

45. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

46. Among the issues of law and fact common to the class are:

  a. Defendant's violations of the TCPA as alleged herein;

  b. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

  c. Defendant's practice of placing calls to wrong or reassigned cellular telephone numbers; and

  d. the availability of statutory damages.

47.  Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

48.  Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 47.

49.  Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to make or place telephone calls to Plaintiff's cellular telephone number, without his consent.

50.  As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  (a)  Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

  (b)  Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, from placing calls to consumers' cellular telephone numbers by using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the consumers, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

  (c)  Awarding Plaintiff and members of the class actual damages, or statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, under Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

## Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Dated: August 15, 2017

Respectfully submitted,

/s/ Michael L. Greenwald
Michael L. Greenwald
James L. Davidson
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
561-826-5477
561-961-5684 (Fax)
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
(512) 322-3912
(561) 961-5684 (Fax)
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed class