UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WADDELL WILLIAMS, on behalf of
himself and others similarly situated,

    Plaintiff,

vs.                                                           Case No. 8:17-cv-1971-T-27AAS

BLUESTEM BRANDS, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Bluestem Brands, Inc.'s Motion to Stay Proceedings (Dkt. 8), which Plaintiff opposes (Dkt. 11). Upon consideration, the Motion (Dkt. 8) is DENIED.

Plaintiff alleges that Defendant called his cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice in an attempt to reach a third party in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227. (Dkt. 1). Defendant moves to stay this action pending resolution of the D.C. Circuit's decision in *ACA International v. FCC*, No. 15-1211 (D.C. Cir. 2015) (argued Oct. 19, 2016), a consolidated case challenging the Federal Communications Commission's July 10, 2015 Order interpreting the TCPA. Defendant contends that should the D.C. Circuit overrule or modify the FCC's interpretation of two terms, "autodialer" and "called party," then the ruling could effect Plaintiff's ability to pursue his claim.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court may issue a "stay

1

pending the resolution of a related case in another court." *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). And, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones,* 520 U.S. 681, 708 (1997) (citations omitted). Defendant has failed to meet its burden.

Effectively, Defendant seeks to delay the enforcement of the FCC's July 10, 2015 Order pending a ruling by the D.C. Circuit. District courts, however, "may not determine the validity of FCC orders, including by refusing to enforce an FCC interpretation, because '[d]eeming agency action invalid or ineffective is precisely the sort of review the Hobbs Act delegates to the courts of appeals in cases challenging final FCC orders.'" *Id.* (quoting *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1120–21 (11th Cir.2014)). Issuing a stay, therefore, would amount to a constructive refusal to enforce the FCC's interpretation, which this Court is prohibited from doing. *Id.* Notwithstanding, if the D.C. Circuit overturns the FCC's July 10, 2015 Order, the Eleventh Circuit's interpretation of "called party" in *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1252 (11th Cir. Mar. 28, 2014) (rejecting the argument that the "intended recipient" is the "called party") will remain controlling precedent, and Plaintiff's allegations that Defendant made the calls using "an artificial or prerecorded voice" rather than an autodialer (Dkt. 1 ¶ 14) would not be impacted.[1]

Accordingly, Bluestem Brands, Inc.'s Motion to Stay Proceedings is **DENIED**.

**DONE AND ORDERED** this 15th day of December, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[1] The D.C. Circuit will not invalidate a final order "unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Vernal Enters., Inc. v. FCC*, 355 F.3d 650, 658 (D.C. Cir. 2004) (quoting 5 U.S.C. § 706(2)(A)). The Circuit Court's review therefore "is highly deferential; [it] must presume the validity of the agency's action," and a decision invalidating a final order is appropriate "only if the agency's decision is not supported by substantial evidence, or the agency has made a clear error in judgment." *Id.* (internal alterations and citation omitted).

2