UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WADDELL WILLIAMS, on behalf of
himself and others similarly situated,

    Plaintiff,

vs.                                        Case No. 8:17-cv-1971-T-27AAS

BLUESTEM BRANDS, INC.,

    Defendant.
_____/

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

**BEFORE THE COURT** is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. 56). The motion (Dkt. 56) is **GRANTED**.

On September 28, 2018, the parties filed a Notice of Class Action Settlement, subject to court approval following notice to class members and hearing, and requested thirty days to memorialize the terms of their settlement agreement, establish a class action notice and administration plan and the filing of an unopposed motion for preliminary approval of the settlement pursuant to Rule 23(e), Fed.R.Civ.P. The case was stayed pending the filing of the instant motion. (See Dkt. 54).

**Class Action Alleging TCPA Violations**

In this class action lawsuit, Plaintiff alleges Defendant used an automatic dialing system ("ATDS") to place calls intended for its customers to wrong or reassigned cellular telephone numbers of individuals who had not consented to being called, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. (Dkt. 1). Specifically, Plaintiff alleges

1

Defendant called his cellular telephone using an ATDS or an artificial or prerecorded voice in an attempt to reach a third party in violation of the TCPA, and filed this suit on behalf of himself and those who received similar unintended calls from Defendant. (Dkt. 1, p. 6-9).

*Analysis*

"The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Rule 23(e).[1] Notice of the proposed settlement must be provided to all class members who would be bound by the proposal if it is shown that the court will likely be able to (1) approve the proposal as "fair, reasonable, and adequate," and (2) certify the class for purposes of judgment on the proposal. Rule (23)(e)(1).

### A. *The Settlement Agreement*

In summary, the proposed settlement includes the creation of a non-reversionary common fund of $1 million and a separate payment of up to $269,500 to satisfy the cost of class notice and administration, for a total of $1,269,500. From the common fund, an incentive payment of $5,000 will be sought by Plaintiff, up to $18,500 in costs incurred by counsel will be sought, and attorneys' fees not to exceed 30% will be sought. Approval of the incentive award, attorneys' fees and costs is not a condition of the settlement.

Six factors are considered in determining whether a settlement is fair, reasonable and adequate:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance

---

[1] Where, as here, the settlement class has not been certified before the settlement is reached, a proposal for class certification may be included in the motion for preliminary approval. *See Med. & Chiropractic Clinic, Inc. v. KMH Cardiology Centres Inc.*, No. 8:16-CV-644-T-23JSS, 2017 WL 2773932, at *3 (M.D. Fla. June 1, 2017) (citation omitted).

2

and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

Rule 23(e); *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

Objectively, the likelihood of success at trial is, at best, uncertain. As Plaintiff acknowledges, Defendant denies liability and raises several defenses, including its contention that the platform used to make the calls to class members was not an ATDS, a defense supported by its expert. This defense could, if proven, be dispositive. *See e.g., Glasser v. Hilton Grand Vacations Co., LLC*, No. 8:16-cv-952-27AAS, 2018 WL 4565751, at *7 (M.D. Fla. Sept. 24, 2018). Defendant also contends that an FCC one call safe harbor provision could apply. And if Plaintiff prevails on the merits, Defendant would have to assert that any TCPA violations were unintentional and should not result in increased statutory damages. Finally, Plaintiff acknowledges a risk in obtaining certification, and a risk of non-payment. These considerations favor the proposed settlement.

The range of possible recovery also favors settlement. Counsel represents that the mediated settlement is in line with similar TCPA class action settlements. (Dkt. 56 at 16). *See Picchi v. World Fin. Network Bank*, No. 11-CV-61797-CIV-Altonaga/O'Sullivan (S.D. Fla. Jan. 30, 2015); *see also James v. JP Morgan Chase Bank*, No. 8:15-CV-2424-T-23JSS, 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) ("The recovery per claimant here is $34.60. That number falls within the range of recoveries in other TCPA actions . . .").[2] And independent research confirms that the mediated settlement is in

---

[2] While the exact per-claimant recovery by class members participating in the settlement remains to be determined, Plaintiffs' counsel estimates, based on historical claim rates in TCPA cases (approximately 4 to 8%), that "each participating class member is likely to receive between $25 and $75, after deducting the incentive award, attorneys' fees and costs. Counsel represents that this estimated recovery is within the range of recoveries in TCPA settlements generally, assuming 5% of the proposed class members submit claims. If 5% participate, counsel estimates each would receive $43. If all potential class members participate, counsel estimates that each would receive just under $7.

3

line with similar TCPA class action settlements.[3]

As for the complexity and duration of the litigation, the case was filed in August 2017 and settled in principle in September 2018. (Dkts. 1, 53). While the duration of the litigation is relatively short, the record demonstrates that the parties engaged in extensive discovery, including depositions. (Dkt. 56 at 14). And they have engaged in extensive motion practice, including Plaintiff's motion for class certification and Defendant's motions to stay and transfer. (Dkts. 8, 11, 20, 21, 22, 36, 45, 47). Plaintiff's motion for class certification was fully briefed. And the parties have engaged competing experts on the identification of proposed class members from Defendant's call records, and on whether Defendant's platform constituted an ATDS. Notwithstanding the relatively short duration of the litigation before it settled, the record was sufficiently developed to provide Plaintiff and counsel the opportunity to evaluate the strengths and weaknesses of the case, and to make an informed and reasoned judgment regarding settlement. *In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1349 (S.D. Fla. 2011).

---

[3] *See James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2016 WL 6908118, at *2 (M.D. Fla. Nov. 22, 2016):

> The settlement creates a non-reversionary $3.75 million fund. Assuming every class member submits a claim and deducting an attorney's fee and administrative costs, each person would receive between $3 and $5. Although small, that recovery aligns with the settlement in similar TCPA class actions. *See, e.g., Couser v. Comenity Bank*, 125 F. Supp. 3d 1034 (S.D. Cal. 2015) (Anello, J.) (approving settlement of $13.75 per class member. If five percent of class members submit a claim as typically occurs in a TCPA class action (Doc. 51 at 19), each person who submits a claim would receive approximately $50. Discounting the statutory award by the probability that Chase successfully defends some class members' claims, a recovery of $50 per person fairly resolves this action.

*In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (Holderman, J.) ("If all 17,522,049 class members had filed a claim, they would have received $2.72 each. But because only a fraction of class members filed a claim, as is often the case in consumer class actions, the 1,378,534 timely claimants will receive at least $34.60 each"); *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 223 (N.D. Ill. 2016) ("each Collection Call Subclass member filing a timely claim will receive between $19.40 and $77.60");*Couser*, 125 F. Supp. 3d at 1040 ("each of the 308,026 Class Members with approved claims will receive approximately $13.75"); *Wilkins v. HSBC Bank Nevada, N.A.*, 2015 WL 890566, at *3 (N.D. Ill. Feb. 27, 2015) ("If all 9,065,262 class members had filed a claim, they would each have received $2.95."); *Spillman v. RPM Pizza, LLC*, 2013 WL 2286076, at *4 (M.D. La. May 23, 2013) ("the 314,231 members of the Monetary sub-class will receive up to a $15 cash payment").

Cases involving alleged violations of the TCPA by use of ATDS platforms necessarily involve complex questions of law and difficulty of proof. *See e.g., Glasser v. Hilton Grand Vacations Co., LLC, supra*. Considering that complexity, the difficulty of proof, the prospect of protracted litigation, including summary judgment motions and appeals, the expense of litigating the merits, and the attendant risks Plaintiff acknowledges, a relatively early compromise was appropriate. And the participation of Judge Welsh, a "highly regarded mediator," demonstrates fairness and reasonableness. *See James*, 2016 WL 6908118, at *2. Based on the terms of settlement resulting from the arm's-length mediation, for purposes of preliminary approval, I find the Settlement Agreement to be "fair, reasonable and adequate."

### *B. Class Certification*

The prerequisites for class certification under Rule 23(a) are "numerosity, commonality, typicality, and adequacy of representation." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003). Specifically, a class may be certified only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defense of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a).

Failure to establish any of these factors and at least one of the alternative requirements of Rule 23(b) precludes class certification. *Id.* Here, since certification is sought in the context of settlement, the requirements of Rule 23(a) and (b)(3) are satisfied.

In this Circuit, forty or more members satisfies numerosity. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009). Here, the proposed class includes approximately 280,000 members throughout the United States, satisfying numerosity (Dkt. 56).

Commonality is satisfied, since at least one issue affects all or a significant number of proposed class members. The commonality requirement demands only that there be "questions of law or fact common to the class." *Vega*, 564 F.3d at 1268, quoting Rule 23(a)(2). Here, class member claims arise from the same events Plaintiff experienced, calls to his cellular telephone by Defendant's third party vendor, LiveVox, Inc. using an ATDS. As Plaintiff contends, "common questions include whether Bluestem used an ATDS as defined by the TCPA to place the calls at issue, and whether Bluestem is liable for calls made to allegedly wrong or reassigned numbers." (Dkt. 56 at 8).

Typicality is satisfied as well since Plaintiff's claim is typical of the claims of the class, and they therefore share the same interests and injuries. *See Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001). And typicality will be presumed if the named plaintiff and the proposed class share claims that "stem from the same event, practice or course of conduct and are based upon the same legal or remedial theory." *See Ault v. Walt Disney World Co.*, 254 F.R.D. 680, 687 (M.D. Fla. 2009); *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir.1985). As discussed, Plaintiff's claim and his injury are the same as the putative class members, and stem from the same event, calls to their cellular telephone numbers by Defendant using an ATDS to reach someone else. (Dkt. 56 at 9).

Adequacy of representation is likewise satisfied. To prove that the representative parties will "fairly and adequately protect the interests of the class" two components are reviewed – (1) whether plaintiff's counsel is qualified, experienced and generally able to conduct the proposed litigation and (2) whether plaintiff has interests antagonistic to rest of the class. *See Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985); *Holman v. Student LoanXpress, Inc.*, No. 9:08-cv-305-T-23MAP, 2009 WL 4015573, at *2 (M.D. Fla. Nov 19, 2009).

Greenwald Davidson Radbil PLLC has extensive experience representing plaintiffs in class

actions. (See Dkt. 56-1 at 1-8). And nothing in this record suggests that Plaintiff has interests antagonistic to the class. His interests are that of the proposed class, to seek redress for the same alleged harm.

Finally, I find that under Rule 23(b)(3), common issues predominate over individualized claims. Rule 23(b)(3) is satisfied when it is shown that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Common issues of fact and law predominate if they "ha[ve] a direct impact on every class member's effort to establish liability and on every class member's entitlement to . . . monetary relief." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254-55 (11th Cir. 2004).

Here, the resolution of Plaintiff's claims will necessarily resolve each class member's claim. As Plaintiff points out, whether Defendant's calls to class members violated the TCPA, whether Defendant used an ATDS as defined by the TCPA, and whether Defendant is liable for "wrong number calls" are common issues which predominate over individualized claims. (Dkt. 56 at 10).

In sum, all requirements of Rule 23(a) and (b)(3) are met. Moreover, a class action is superior to other available methods for fairly and efficiently adjudicating the claims because thousands of repetitive lawsuits would be "financially burdensome and judicially inefficient," *Holman*, 2009 WL 4015573, at * 3. Accordingly, the following class is preliminarily certified:

> **All persons and entities throughout the United States (1) to whom Bluestem Brands, Inc. placed a call in connection with a Fingerhut, Gettington, or PayCheck Direct account, (2) directed to a number assigned to a cellular telephone service, (3) in connection with its efforts to collect an account balance, (4) via LiveVox, Inc.'s Quick Connect platform, (5) where Bluestem's records contain a notification of wrong phone, (6) from November 2, 2015 through July 8, 2018.**

*C. Appointment of Class Representative and Class Counsel*

Waddell Williams is appointed as Class Representative. Greenwald Davidson Radbil PLLC is appointed as Class Counsel.

*D. Class Notice and Claim Forms*

The adequacy of class notice "is measured by reasonableness." *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011) (citing Rule 23(e)). The notice must provide the class members with "information reasonably necessary to make a decision whether to remain a class member and be bound by the final judgment or opt out of the action." *Id.* (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104-05 (5th Cir. 1977)). Rule 23(c)(2)(B) requires the notice to state in plain, easily understood language the nature of the action, the definition of the certified class, the class claims and issues, class members' rights to enter an appearance through an attorney, class members' rights to exclude themselves and the time and manner for doing so, and the binding effect of a class judgment on members who are not excluded.

The proposed form of class notice (Dkt. 56-1, Exhibits 1, 2 and 4) provides class members with the information required by Rule 23(c)(2)(B). Accordingly, the form of class notice is approved.

**Conclusion**

Having found, for purposes of preliminary approval, that the Settlement Agreement is fair, reasonable and adequate and that the settlement class warrants conditional certification, it is accordingly **ORDERED**:

1. A third-party class administrator acceptable to the parties will administer the settlement and notification to class members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the class members who can be identified through reasonable efforts, including reverse look-ups of class members' cellular telephone numbers.

All costs of notice and administration will be paid by Defendant. Upon the recommendation of the parties, the Court appoints the following class administrator: Angeion Group, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

2. The form and substance of the postcard notice, claim form, and Question & Answer Notice, which are attached as exhibits to the Settlement Agreement are approved. The proposed form and method of notifying the class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The proposed notice plan is clearly designed to advise the class members of their rights. In accordance with the Settlement Agreement, the class administrator will cause the postcard notice to be mailed to the class members as expeditiously as possible, but in no event later than 45 days after entry of this order, that is, **no later than May 17, 2019**. The class administrator will confirm, and if necessary, update the addresses for the class members through a standard methodology that the class administrator uses to update addresses. The Question & Answer Notice, and relevant pleadings, will be made available to class members through a dedicated website.

3. Class member who desire to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than 60 days after the Notice Deadline (105 days after entry of this order), that is, **no later than July 16, 2019**. To be effective, the written request for exclusion must state the class member's full name, address, and telephone number, along with a statement that the class member wishes to be excluded, and be signed by the class member. Any class member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

9

4. Any class member who intends to object to the fairness of the settlement must file a written objection with the Court within 60 days after the Notice Deadline (105 days after the Court's entry of this order), *i.e.*, **no later than July 16, 2019**. Any such class member must, within the same time period, provide a copy of their written objection to Class Counsel, Attention: Michael L. Greenwald, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431, and to Counsel for Defendant, Attention: Erin Hoffman, Faegre Baker Daniels LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402.

To be effective, an objection to the proposed settlement must:

> A. Contain a heading which includes the name of the case and case number;
>
> B. Provide the name, address, telephone number and signature of the class member filing the objection;
>
> C. Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number called by Bluestem Brands;
>
> D. Be sent to Class Counsel and counsel for Defendant at the above addresses by first-class mail, postmarked no later than 105 days after the preliminary approval of the settlement;
>
> E. Be filed with the Clerk of the Court no later than 105 days after the preliminary approval of the settlement;
>
> F. Contain the name, address, bar number and telephone number of the objecting class member's counsel, if represented by an attorney. If the class member is represented by an attorney, the attorney must comply with all applicable laws and Local rules for filing pleadings and documents in the U.S. District Court for the Middle District of Florida;
>
> G. Include a statement of the class member's specific objections; and
>
> H. State the grounds for objection, as well as identify any documents which the objector desires to be considered.

5. Any class member who has timely filed an objection may appear at the settlement approval

hearing, in person or through counsel, and be heard to the extent allowed by applicable law and procedure, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and expenses. The right to object to the proposed settlement must be exercised individually by an individual class member, not as a member of a group or subclass and, except in the case of a deceased, minor, or incapacitated class member, not through another person acting or purporting to act in a representative capacity.

6. Any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, becomes an Opt-Out) will be bound by all proceedings, orders and judgments in this litigation, even if such member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Settlement Agreement release.

7. The Claim Form attached as an exhibit to the Settlement Agreement and the claims process described in the Settlement Agreement are approved. The class administrator shall mail a settlement check to each class member who submits a timely, valid claim form and does not exclude himself or herself from the class. The settlement checks shall be sent via U.S. mail no later than 45 days after judgment becomes final.

8. Plaintiff may petition to receive an amount not to exceed $5,000 as acknowledgment of his role in prosecuting this case on behalf of the class members.

9. Pending determination of whether final approval of the Settlement Agreement should be granted, Plaintiff and all members of the Settlement Class unless and until they have timely excluded themselves, are enjoined from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, in any other lawsuit, arbitration or other proceeding against Bluestem Brands, Inc. in any jurisdiction based on the Released Claims, (b) filing, commencing or

prosecuting a lawsuit, arbitration or other proceeding against Defendant as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims and (c) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding against Bluestem Brands, Inc. based on the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

10. A hearing will be conducted (the "Final Fairness Hearing") on **August 27, 2019** at 1:00 p.m. at the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Courtroom 13B, Tampa, FL 33602, to review and rule on the following:

- A. Whether this action satisfies the applicable requirements for class action treatment for settlement purposes under Rule 23;

- B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the class members and should be approved by the Court;

- C. Whether a final order and judgment should be entered dismissing this action with prejudice and releasing the Released Claims against the Released Parties; and

- D. Such other matters deemed necessary.

11. Class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class members wishing to be heard are, however, required to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without notice to class members.

12. Continuing and exclusive jurisdiction over the action is retained to consider all matters arising out of or connected to the settlement, including the administration and enforcement of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, all proceedings except those related to effectuating the Settlement are STAYED.

**DONE AND ORDERED** this 2nd day of April, 2019.

*/s/ JAMES D. WHITTEMORE*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record