UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

———————————————————— x
                                                    :
WADDELL WILLIAMS, on behalf of himself              :
and others similarly situated,                      :   Case No. 8:17-CV-01971-T-27AAS
                                                    :
                Plaintiff,                       :
                                                    :
vs.                                                 :
                                                    :
BLUESTEM BRANDS, INC.,                              :
                                                    :
                Defendant.                       :
———————————————————— x

## FINAL ORDER AND JUDGMENT

On August 18, 2017, Waddell Williams ("Plaintiff") filed a class action complaint (hereinafter referred to as the "Lawsuit") against Bluestem Brands, Inc. ("Bluestem") in the United States District Court for the Middle District of Florida, Case No. 8:17-CV-01971-T-27AAS, asserting class claims under the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227, *et seq.*

Bluestem has denied any and all liability alleged in the Lawsuit.

On November 21, 2018, after extensive arms-length negotiations with the assistance of an experienced and qualified mediator, Plaintiff and Bluestem (the "Parties") entered into a written settlement agreement (the "Settlement Agreement"), which is subject to review under Fed. R. Civ. P. 23.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Bluestem served written notice of the proposed class settlement as directed.

This Court preliminarily approved the settlement on April 2, 2019, authorizing the

1

distribution of notice and claim forms to potential Class Members. *Williams v. Bluestem Brands, Inc.*, No. 8:17-CV-1971-T-27AAS, 2019 WL 1450090 (M.D. Fla. Apr. 2, 2019) (the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Waddell Williams as the Class Representative; (iv) appointed Michael L. Greenwald, James L. Davidson, Jesse S. Johnson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as Class Counsel; and (v) set the date and time of the Settlement Approval Hearing.

On June 14, 2019, Plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On August 27, 2019, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Settlement Class satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

Plaintiff now requests final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, Motion for Attorneys' Fees, Costs, Expenses, and an Incentive Award, and the record. All capitalized terms used herein have the meanings defined herein and in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit:

> All persons and entities throughout the United States (1) to whom Bluestem Brands, Inc. placed a call in connection with a Fingerhut, Gettington, or PayCheck Direct account, (2) directed to a number assigned to a cellular telephone service, (3) in connection with its efforts to collect an account balance, (4) via LiveVox, Inc.'s Quick Connect platform, (5) where Bluestem's records contain a notification of wrong phone, (6) from November 2, 2015 through July 8, 2018.

Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff Waddell Williams as the Class Representative and Michael L. Greenwald, James L. Davidson, Jesse S. Johnson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC as Class Counsel.

Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise Class Members of their rights.

The Court finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and

protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, when considering, in their totality, the following factors: (1) the absence of any fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the Plaintiff's success on the merits; (5) the range of possible recovery; and the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members:

> *Approval of the Proposal.* If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Settlement Agreement is deemed incorporated herein, and the proposed settlement is finally approved and must be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

A. <u>Settlement Fund</u> – Defendant established a $1,000,000 Settlement Fund (the "Settlement Fund"), and will separately pay up to $269,500 to cover the costs and expenses for class notice and the administration of the settlement, including expenses necessary to identify potential Class Members, mail and process claims, and distribute settlement checks.

B. <u>Deductions</u> - The following are to be deducted from the Settlement Fund before any other distributions are made:

1. Plaintiff's attorneys' fees, in the amount of $380,850, which is 30 percent of the total settlement, and the reimbursement of Class Counsel's litigation costs and expenses, in the amount of $17,120.82; and

2. The Incentive Payment to Plaintiff. Waddell Williams will receive $5,000 as acknowledgment of his role in prosecuting this case on behalf of the Class Members.

C. <u>Settlement Payment to Class Members</u> - Each Class Member who has submitted a valid and timely claim form will receive compensation as set forth in the Settlement Agreement. Each settlement check will be void one-hundred twenty (120) days after issuance.

No Class Members objected to the settlement.

Fifteen Class Members made a valid and timely request for exclusion: Maria Antonia

5

Vasquez, Regina Wheelton, Devina Puri, Fonda Watson, John Brown, Levon Wright, Annette Barner, Naeem Copeland, Joann Gordon, Mechelle Sanders, Vernon Redmond, Crystal Adams, Anthony Greco, Veronica Minjarez Caballero, and Judy Williams.

This Order is binding on all Class Members except those listed above who validly excluded themselves.

Plaintiff, Settlement Class Members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This Final Order and Judgment bars and permanently enjoins Plaintiff and all members of the Settlement Class who have not been properly excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), relating to the Released Claims, and (b) attempting to effect Opt Outs of a class of individuals in any lawsuit or arbitration proceeding based on the Released Claims, except that Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This Order, the Settlement Agreement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement are not, and shall not be

construed as, an admission by Bluestem of any liability or wrongdoing in this or in any other proceeding.

The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to Class Counsel.

Class Counsel's request for an award of attorneys' fees of $380,850 is approved.

Class Counsel's request for reimbursement of reasonable litigation costs and expenses in the amount of $17,120.82 is approved.

Plaintiff's request for an incentive award of $5,000 is approved.

IT IS SO ORDERED.

Dated: _August 27th_, 2019.

The Honorable James D. Whittemore
United States District Court Judge